**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN THE MATTER OF THE PETITION OF DORCHESTER STREET JET SKIS, INC., MAHDI NASHI SAMER SBIH, SAL RAMADAN, AND AZEZEH RAMADAN,** as Owner(s) or Owner(s) *Pro Hac Vice* of a **2024 Seadoo Personal Watercraft vessel for Exoneration from or Limitation of Liability** | |
| **ROBIN BLUMGART,** *Claimant/Counter-Defendant*, v. **DORCHESTER STREET JET SKIS, INC.,** *et al.*, *Petitioners/Third Party Plaintiffs/ Counter-Plaintiffs*, v. **UNDER THE BRIDGE WATERSPORTS, LLC,** *Third-Party Defendant*. | **Case No. 1:25-cv-01327-JRR** |

## MEMORANDUM AND ORDER

Pending before the court is Claimant/Counterclaim Defendant Robin Blumgart's ("Claimant") Motion to Strike or, in the Alternative, Motion to Dismiss Petitioners' Counterclaim at ECF No. 29 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

I.      **Background**

This Exoneration from or Limitation of Liability action arises from an accident involving personal watercraft vessels (commonly referred to as "jet skis") that occurred in navigable waters in the vicinity of Sinepuxent Bay, Berlin, Maryland.  (ECF No. 1 ¶¶ 9–12.)  On August 12, 2024, while in the navigable waters, a 2024 Seadoo Personal Watercraft vessel (the "Seadoo Vessel"), operated by John Cristopher Vallorosi, "unexpectedly came into contact with a second personal watercraft vehicle operated by [Claimant]."  *Id.* ¶ 11.  Specifically, Claimant was operating a 2024 BRP 25RA00 Personal Watercraft vessel (the "BRP Vessel") that she (or someone on her behalf) rented from Under the Bridge Watersports, LLC.  (ECF No. 27 ¶ 16.)  On or about October 18, 2024, Claimant filed a personal injury action in the Circuit Court for Worchester County, Maryland, against Dorchester Street Jet Skis, Inc., and Mahdi Nashi Samer Sbih, Dorchester Street Jet Ski and Boat Rentals, OC Downtown Adventures on Dorchester Street, and John Christopher Vallorosi, Case No. C-23-CV-24-000226.  (ECF No. 1 ¶ 13.)

On April 24, 2025, Petitioners/Third Party Plaintiffs/Counter-Plaintiffs Dorchester Street Jet Skis, Inc., Mahdi Nashi Samer Sbih, Sal Ramadan, and Azezeh Ramadan ("Petitioners") initiated the instant action pursuant to 46 U.S.C. §§ 30501, *et seq.,* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.  (ECF No. 1 ¶ 1.)  The filing of the instant action stayed Claimant's state court personal injury action.  (ECF No. 29 at p. 2.)    On June 2, 2025, Claimant filed her claim in the instant action.  (ECF No. 17.)  The court then issued a scheduling order.  (ECF No. 19.)  On request of the parties, the scheduling order was amended on September 4, 2025.  (ECF No. 22.)  Per the Amended Scheduling Order, the deadline for parties to move for joinder of additional parties or amendment of pleadings was January 6, 2026.  *Id.*  On February 3, 2026, Petitioners filed a Third

Party Complaint (ECF No. 26) against Under the Bridge Watersports, LLC, for indemnity and contribution, and a Counterclaim (ECF No. 27) against Claimant for indemnification and contribution. Claimant filed the instant Motion thereafter. (ECF No. 29.) Less than a week after Claimant filed the Motion, Petitioners moved, with Claimant's consent, to amend the scheduling order, to set a deadline of May 1, 2026, for joinder of additional parties and amendment of the pleadings. (ECF No. 30.) The court granted that motion the next day. (ECF No. 31.)

## II.    Legal Standards

### A.  Rule 12(f): Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). At issue here, "a counterclaim, or a portion thereof, may be stricken because it contains redundant and immaterial matter . . . ." 5C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2026). "Rule 12(f) motions are disfavored and 'generally will be not granted [for immateriality] unless the challenged allegations have no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party.'" *Fitchett v. Spartech, LLC*, 634 F. Supp. 3d 241, 243 (D. Md. 2022) (quoting *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020)). "Nevertheless, motions to strike will be granted when the movant meets its burden of proving that the challenged material is immaterial and prejudicial." *Id.* (citing *Chapman v. Duke Energy Carolinas, LLC*, Civ. No. 3:09-37RJC, 2009 WL 1652463, at *3 (W.D.N.C. June 11, 2009)).

### B.  Rule 12(b)(6): Motion to Dismiss for Failure to State a Claim

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended*

(Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'"  *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible."  *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570).  The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully."  *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)).  Reliance on "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient.  *Twombly*, 550 U.S. at 555

## III.    Analysis

As an initial matter, the court agrees with Petitioners' unchallenged contention that Claimant's consent to extend the operative deadline she claims was offended renders moot her argument that the Counterclaim should be struck as untimely.  Even if Petitioners' Counterclaim was initially untimely, as Claimant contends,[1] the court granted the consent motion to extend the

---

[1] Petitioners also note in a footnote that they "dispute that the [C]ounterclaim is governed by the deadline to move for joinder of parties or amend pleadings as it neither adds a new party nor does it amend an existing pleading." (ECF No. 36 at p. 4 n.2.) Petitioners do not advance argument on this point, and instead focus on the mootness argument. *Id.* The court constrains it analysis accordingly.

relevant deadline.  (ECF Nos. 30, 31.)  As such, by the proposed dates of the parties, Petitioners' Counterclaim filed prior to May 1, 2026, is timely.  (ECF No. 31.)  Against this backdrop, and in view of the fact that motions to strike (and judicial striking) are disfavored, *see Fitchett*, 634 F. Supp. 3d at 243, *supra*, the court is not satisfied that Claimant has met her burden to show that the Counterclaim should be struck as untimely, especially when considering her failure to respond to Petitioners' opposition, thus conceding the point.  *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (explaining that a plaintiff "abandon[s]" her claim where she failed to respond to argument).  The court will therefore deny the Motion on this ground.

The court turns to Claimant's remaining argument—that Petitioners' Counterclaim is actually an affirmative defense for which no relief may be granted.  While an affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true," *Affirmative Defense*, BLACK'S LAW DICTIONARY (12th ed. 2024), a counterclaim is "[a] claim for relief asserted against an opposing party after an original claim has been made," such as "a defendant's claim in opposition to or as a setoff against the plaintiff's claim," *Counterclaim*, BLACK'S LAW DICTIONARY (12th ed. 2024). *See Ross v. Indep. Ord. of Foresters*, No. 4:23-CV-64, 2024 WL 2294876, at *2 (E.D. Va. Feb. 12, 2024) (discussing same); *XL Specialty Ins. Co. v. Truland*, No. 1:14CV1058 JCC/JFA, 2015 WL 925595, at *3 (E.D. Va. Mar. 3, 2015) (discussing same).  The material distinction, for this court's purposes, turns on whether the counterclaim "seeks affirmative relief," or, instead, like an affirmative defense "defeats the plaintiff's cause of action by denial or confession and avoidance." *XL Specialty Ins.*, 2015 WL 925595, at *3 (quoting 61A Am. Jr. 2d Pleading § 276).

5

Pursuant to Federal Rule of Civil Procedure 8(c)(2): "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."  FED. R. CIV. P. 8(c)(2).  Where a counterclaim "operate[s] more appropriately as an affirmative defense," the court may construe it as such.  *Ross v. Indep. Ord. of Foresters*, No. 4:23-CV-64, 2024 WL 2294876, at *3 (E.D. Va. Feb. 12, 2024) (citing *CMF Virginia Land, L.P. v. Brinson*, 806 F. Supp. 90, 93 (E.D. Va. 1992)); *see* 5 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1382 (4th ed. 2026) (noting that "there are a significant number of cases to the effect that allegations that actually constitute a defense may be treated as such even though it is erroneously denominated as a counterclaim" and that the "misdesignation provision in Rule 8(c) reflects the conscious attempt by the drafters to ignore pleading technicalities" and "promotes the liberality with which courts generally construe pleadings under the federal rules").

In this court's view, this circumstance presents a close call.  While much of Petitioners' Counterclaim, as Claimant notes, reflects an affirmative defense posture, *see* ECF No. 27 ¶¶ 24–26, pp. 5–6, Petitioners also seek affirmative relief (albeit in a more limited fashion), asserting:

> 27. Accordingly, to the extent that Counter-Plaintiffs may be held liable the claimant, Robin Blumgart, for loss or damage arising from the collision between the Seadoo Watercraft and the BRP Watercraft, Counter-Plaintiffs are entitled to full and complete indemnity or contribution from Counter-Defendant, Robin Blumgart, for any amounts that Counter-Plaintiffs may be required to pay, plus attorney's fees, costs and interests incurred in the defense of this action.

*Id.* ¶ 27.  And requesting:

> That the Counter-Plaintiffs be granted indemnification and/or contribution and/or allocated a percentage of fault for any settlement or judgment that is rendered against them in favor of Robin Blumgart.

6

> That Counter-Plaintiffs be granted costs, expenses and attorney's
> fees incurred in the defense of this action . . . .

*Id.* at p. 6.

Thus, while Claimant's argument is well-taken, as much of the Counterclaim sounds in an affirmative defense, the Counterclaim also seeks affirmative relief outside the scope of an affirmative defense. And further, after Petitioners raised this in response, Claimant failed to respond, once again conceding the point. *See Stenlund*, 172 F. Supp. 3d at 887 and *Ferdinand-Davenport*, 742 F. Supp. 2d at 777, *supra*. Based on the foregoing, Claimant has failed to meet her burden to show that dismissal (or redesignation per Rule 8(c)(2)) of Petitioners' Counterclaim is warranted upon the circumstances here.

## IV. Conclusion and Order

Accordingly, it is this 3rd day of June 2026,

**ORDERED** that the Motion (ECF No. 29) shall be, and is hereby, **DENIED**.

/S/

_____
Julie R. Rubin
United States District Judge